IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

NASRIN FATEMI                                                PLAINTIFF

v.                          No. 4:13-cv-742-DPM

DAN RAHN, in his official capacity;
DEBRA FISER, in her official and individual
capacities; JOHN DAY, in his official and
individual capacities; VERA CHENAULT,
in her individual capacity; UNIVERSITY OF
ARKANSAS; and UNIVERSITY OF
ARKANSAS BOARD OF TRUSTEES                                   DEFENDANTS

ORDER

1. This is the second chapter. The University of Arkansas for Medical Services dismissed Dr. Fatemi from the neurosurgery residency program in 2010. She challenged this action in case No. 4:11-cv-458. This Court granted the University Defendants summary judgment on most of Dr. Fatemi's claims and dismissed some without prejudice. That case is on appeal. Near the end of the first case, the Court granted the University Defendants' motion to amend their answer belatedly and assert an after-acquired evidence defense about an alleged HIPAA violation. Dr. Fatemi had retained, after leaving the

program, several thousand pages of operating room schedules and patient records that she'd received during her four-month residency. Much discovery was done on this issue. The University Defendants eventually sent a breach notice to approximately 1,500 patients, issued a press release, reported a violation to the Department of Justice, and investigated whether Dr. Fatemi could be prosecuted for her actions. The parties briefed the merits in the summary judgment papers. But the Court's ruling for the University Defendants on liability mooted the HIPAA point.

In this case, Dr. Fatemi makes various constitutional and statutory claims arising out of the University Defendants' handling of her alleged HIPAA violation. The core allegation—although pleaded under various legal theories—is retaliation. Dr. Fatemi says the University Defendants knew no HIPAA violation occurred. And, she continues, they ginned up the HIPAA issues as payback for her discrimination complaints and her first lawsuit. The Court allowed an amended complaint. The University Defendants have renewed their request for dismissal. They, and Dr. Fatemi, move beyond the pleadings and incorporate evidence from, and arguments made in, the first case.

2. Some preliminary points of law are clear. First, the University of Arkansas isn't a proper party because it can't sue or be sued. *Assaad-Faltas v. UAMS*, 708 F. Supp. 1026, 1029 (E.D. Ark. 1989), *aff'd*, 902 F.2d 1572 (8th Cir. 1990) (table opinion).

Second, Dr. Fatemi is precluded from re-litigating claims actually decided in the first case—the termination issues. *Powell v. Lane*, 375 Ark. 178, 184-185, 289 S.W.3d 440, 444 (2008). But the Court declines to hold that the HIPAA-retaliation issues are lost on a could-have-been-raised theory. While the Court could have allowed Dr. Fatemi to amend her complaint belatedly, and put the first case on hold while she exhausted her administrative remedies, it's unlikely that the Court would have taken this extraordinary step given the efforts of all to get this older case ready for its first-out May 2013 trial setting.

Third, sovereign immunity bars any § 1981, § 1983, or state-law damages claim against the Board of Trustees directly or indirectly through official capacity claims against any individual. *Murphy v. State of Arkansas*, 127 F.3d 750, 754 (8th Cir. 1997) (federal claims); *Fegans v. Norris*, 351 Ark. 200, 206-07, 89 S.W.3d 919, 924 (2002) (state claims). The possibility of prospective

injunctive relief remains, notwithstanding this immunity bar.

Fourth, several of Dr. Fatemi's constitutional claims against the individuals personally fail at the threshold. Her equal protection claim is too thinly pleaded to stand. *Hager v. Arkansas Department of Health*, 735 F.3d 1009, 1015 (8th Cir. 2013). Likewise, her § 1981 claim stumbles—she's pleaded no facts showing race-based discrimination or retaliation. No due process claim exists because the University Defendants' HIPAA-related actions occurred more than two years after she lost her residency. She had no property interest to protect at that point. *Winskowski v. City of Stephen*, 442 F.3d 1107, 1110 (8th Cir. 2006). Nor was she deprived of a liberty interest because the HIPAA reporting was insufficiently connected, either in time or as a matter of cause, to her discharge. *Putnam v. Keller*, 332 F.3d 541, 546 (8th Cir. 2003).

**3.** Dr. Fatemi's new case thus comes down to alleged retaliation in the University Defendants' HIPAA-related actions. She has a potential Title VII claim against her former employer, the Board of Trustees, not the individual defendants involved. She has a potential First Amendment claim under § 1983 against the individual defendants personally, not the Board. *Tyler v. Univ. of Arkansas Bd. of Trustees*, 628 F.3d 980, 986 (8th Cir. 2011). And she has

an Arkansas Civil Rights Act claim solely against the individual defendants personally. *Fegans*, 351 Ark. at 206-07, 89 S.W.3d at 924.

The parties' argument beyond the pleadings is understandable. An extensive record was made on the HIPAA-related facts in the first case. It makes good sense to draw on that record now. Doing so, however, converts the motion to dismiss into one for summary judgment. *Brooks v. Midwest Heart Group*, 655 F.3d 796, 800 (8th Cir. 2011); *see also* 5C FED. PRAC. & PROC. CIV. § 1366 (3d ed.). The Court gives notice that it will rule on the remaining issues in that context. FED. R. CIV. P. 56(f). The Court will consider the arguments made by each side in the first case in № *76, 77, 127, 128, 133, 134, & 147*. The Court will also consider all the HIPAA-related evidentiary materials — № *76, 127, 133, 145 & 147* — offered before. And the Court will consider those parts of the parties' Local 56.1 statements of material fact, № *78, 129, 135, 136, 148 & 149*, about the HIPAA issues. Any party may file any *additional* argument, exhibit, or statement of fact material to the HIPAA issues by 21 November 2014. There's no need, however, to reargue points already made in the briefing in this case or the first one, or to refile any HIPAA-related evidentiary material already filed and identified in either case. If the

-5-

Court has overlooked some filing that touches or concerns the alleged HIPAA retaliation issues, please advise. Given all that has gone before in this dispute, November 21st is a hard deadline that will not be extended absent extraordinary circumstances.

**4.** The Court notes the assertion of qualified and statutory immunity. This appears to be a case where the immunity issues are inextricably intertwined with the merits of the retaliation claims. *E.g., Twiggs v. Selig*, 679 F.3d 990, 995 (8th Cir. 2012). If Dr. Fatemi's allegations are true, then the allegedly malicious acts may undermine any immunity. *Okruhlik v. Univ. of Arkansas ex rel. May*, 255 F.3d 615, 627-28 (8th Cir. 2001). The Court therefore will address immunity with the merits after the parties have had a chance to make their additional filings.

\* \* \*

Motion to dismiss, № *21*, granted in part as specified and converted to a motion for summary judgment on the HIPAA-related retaliation claims under Title VII, the First Amendment, and the ACRA. All other claims dismissed. Request to amend, № *30 at 1*, denied as futile on the dismissed claims and as unnecessary on the HIPAA-related retaliation claims.

So Ordered.

*DPMarshall Jr.*
D.P. Marshall Jr.
United States District Judge

24 October 2014